In the United States District Court

## FOR THE DISTRICT OF COLUMBIA

CENTER FOR FOOD SAFETY,   )
660 Pennsylvania Ave SE #402   )
Washington, DC 20003   )
    )
    *Plaintiff,*   )   Case No.  23-cv-0162
    )
    vs.   )
    )   **COMPLAINT FOR DECLARATORY**
    )   **AND INJUNCTIVE RELIEF**
UNITED STATES ENVIRONMENTAL   )
PROTECTION AGENCY,   )
1200 Pennsylvania Avenue, N.W.   )
Washington, DC 20460   )
    )
    *Defendant.*   )
    )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I.       NATURE OF ACTION

1.       The Center for Food Safety (CFS)—a nonprofit public interest and environmental advocacy organization working to protect public health and the environment—brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the Environmental Protection Agency (EPA)'s unlawful withholding of records that pertain to EPA's communications with the United States Centers for Disease Control and Prevention (CDC) regarding the link between registered fungicides and antifungal resistance.

2.       CFS filed a FOIA request with EPA to gain a better understanding of EPA's awareness of the link between registered fungicides and antifungal resistance. The goal of the request was to open the operations and activities of government to public scrutiny and contribute significantly to the public's understanding of the agency's action. CFS also requested a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A)(iii).

3.       EPA is violating FOIA by failing to produce records in response to CFS's FOIA request, failing to conduct an adequate search for responsive records, and by failing to provide an initial determination as to the scope of the records to be produced or withheld, and an updated estimated date by which the agency's search will be complete.

4.       EPA's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that EPA is in violation of FOIA, and injunctive relief directing EPA to provide responsive records without any further delay.

## II.   JURISDICTION AND VENUE

5.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331.

6.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which

expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C.

§ 552(a)(4)(B).

## III.   PARTIES

9.      Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental

advocacy organization with a mission to protect public health and the environment by preventing

the registration of dangerous pesticides, such as fungicides, and by educating the public on the

potential harms posed by pesticides. CFS represents over one million members who reside in every

state across the country, who support safe, sustainable food production, free from dangerous

pesticides. CFS has long had a specific pesticide program, dedicated to addressing the adverse

environmental and public health impacts of pesticide use, including numerous policy, scientific,

and legal staff.  In its program, CFS strives to ensure and improve pesticide oversight, furthering

policy and cultural dialogue with regulatory agencies, consumers, chefs, landowners, and legislators

on the critical need to protect public health and the environment from pesticides and to promote

and protect more sustainable alternatives. CFS and its members are harmed by EPA's violations of

FOIA, as such violations preclude CFS from gaining a full understanding of the link between

resistant *aspergillus fumigatus* and the use of triazole fungicides and prevent CFS from disseminating information to the public concerning EPA's knowledge and oversight of this dangerous resistance.

10.     Defendant EPA is an agency within the United States Government. EPA is in possession and control of the records that CFS seeks and is an agency within the meaning of 5 U.S.C. § 552(f)(1). EPA is therefore subject to FOIA.

## IV.     LEGAL BACKGROUND

11.     The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12.     FOIA imposes stringent deadlines on federal agencies with regard to making initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records, and must notify the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. *Id.* § 552(a)(6)(A). An agency must also make a determination as to a fee waiver request within the twenty-day time period. *Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31, 39 (D.D.C. 2011).

13.     Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency may extend the deadline no more than ten additional working days by providing written

notice to the requester that sets forth the circumstances justifying the extension. *Id.* §
552(a)(6)(B)(i).

14.     FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more
than just an initial statement that the agency will generally comply with a FOIA request and will
produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and
Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15.     For a determination to trigger the administrative exhaustion requirement, the
agency must at least "(i) gather and review the documents; (ii) determine and communicate the
scope of the documents it intends to produce and withhold, and the reasons for withholding any
documents; and (iii) inform the requester that it can appeal whatever portion of the
'determination' is adverse." *Id.* at 188.

16.     If the agency fails to respond within the applicable time limit, the requester "shall
be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

17.     Such constructive exhaustion[1] "allows immediate recourse to the courts to compel
the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C.
Cir. 1990).

18.     The court "then has the authority to oversee and supervise the agency's progress in
responding to the request." *Seavey v. DOJ*, Case No. 15-1303, 2017 WL 3112816, at *2 (D.D.C.
July 20, 2017) (citing *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 189); *see also Clemente*

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by
the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113
(D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

*v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

19.    FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

20.    With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

21.    In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

22.    FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B).

23.    FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

24.    In addition, FOIA provides a waiver for fees associated with the procurement of documents subject to FOIA requests. Such fee waivers are granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of

the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

25.    Finally, FOIA requires that the agency provide "information about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

### V.    FACTUAL BACKGROUND

26.    CFS, through its pesticide program, works to protect public health and the environment from the impacts of pesticides. CFS has a long history of promoting greater oversight concerning the environmental and public health impacts of pesticides, including fungicides.

27.    On April 14, 2022, CFS submitted a FOIA request to EPA, seeking "Any and all documents concerning EPA's communications with the Centers for Disease Control and Prevention regarding fungal resistance as a result of fungicides registered under the Federal Insecticide, Fungicide, and Rodenticide Act from 2015 until now."

28.    CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS. CFS also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

29.    On April 14, 2022, EPA emailed CFS with a tracking number and on April 27, 2022 granted CFS's fee waiver request. Ex. A.

30.    On May 13, 2022, EPA informed CFS that the request qualified for unusual circumstances, and thus the agency was entitled to extend their twenty-working-day limit to

respond. In this letter, EPA estimated that it would complete the request by November 25, 2022. *See* Ex. B.

31.     On June 14, 2022, CFS responded, asking EPA for suggestions on how to narrow the request to speed up production. CFS had a phone call with EPA on June 21, 2022, during which EPA informed CFS that EPA had identified custodians and would provide its initial determination within two weeks. Ex. A.

32.     On July 13, 2022, CFS emailed EPA, asking for an updated estimated completion date following the call, as well as an initial determination. EPA did not respond. Ex. A.

33.     On July 18, 2022, CFS emailed, again asking for an updated estimated completion date and initial determination. The next day, EPA stated that it would respond the next week. Ex. A.

34.     The next week, on July 25, 2022, CFS emailed EPA again asking for an updated estimated completion date and initial determination. EPA did not respond. Ex. A.

35.     On August 4, 2022, CFS again asked for an updated estimated completion date and initial determination. The next day, EPA stated that it would respond the next week. Ex. A.

36.     On August 8, 2022, CFS asked again for an updated estimated completion date and initial determination. On August 11, 2022, EPA responded that EPA would send an initial determination and updated estimated completion date by August 26, 2022. Ex. A.

37.     On August 18, 2022, CFS checked in with EPA via email, asking if EPA would still be able to provide an updated estimated completion date and initial determination by August 26, 2022. EPA did not respond. Ex. A.

38.     On August 31, 2022, EPA responded and stated that the estimated completion date was November 11, 2022. On September 6, 2022, CFS responded with a thank you email and informed EPA that CFS would continue to check in to ensure EPA produced documents by that date. Ex. A.

39.     On October 17, 2022, CFS emailed EPA, asking if EPA was still on track to produce documents by November 11, 2022. EPA did not respond. Ex. A.

40.     On October 26, 2022, CFS again emailed EPA, asking if EPA was still on track to produce documents by November 11, 2022. EPA responded the next day with a second unusual circumstances letter, estimating completion by November 25, 2022. Ex. C.

41.     On November 3, 2022, CFS again emailed EPA, asking if EPA could still produce documents by November 11, 2022. EPA did not respond. Ex. A.

42.     On November 8, 2022, CFS again emailed EPA, asking if EPA could still produce documents by November 11, 2022. EPA responded the same day with a third unusual circumstances letter, providing a new estimated completion date of January 27, 2023. *See* Ex. D.

43.     On November 17, 2022, CFS responded, asking EPA why it now needed several more months to complete its production. The same day, EPA responded that it would now complete production within two to three weeks. Ex. A.

44.     On December 2, 2022, CFS emailed asking if EPA was still on track to finish production by the end of the next week. Ex. A.

45.     On December 8, 2022, EPA responded that it would no longer be able to produce the documents until 2023. Ex. A.

46.     On December 14, 2022, CFS responded that CFS would check in with EPA after the holidays. Ex. A.

47.     On January 2, 2023, CFS emailed EPA asking for an update on the request. Ex. A.

48.     On January 12, 2023 EPA responded, stating the request is undergoing responsive records review. Ex. A.

49.     Over eight months have passed since EPA logged in the April 14, 2022, FOIA Request, yet EPA has not supplied an accurate or updated estimated date of completion, or produced any responsive records.

50.     As of the date of this Complaint, CFS has received no further communications from EPA.

51.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records responsive to the April 14 FOIA Request.

52.     CFS has been required to expend resources to prosecute this action.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Defendant Failed to Conduct an Adequate Search for Responsive Records

53.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

54.     EPA violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

55.     CFS has a statutory right to have EPA process its April 14 FOIA Request in a manner that complies with FOIA. *Id.*

56.     EPA violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the April 14 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

57.     CFS has exhausted the applicable administrative remedies with respect to the April 14 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

58.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

59.     CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

60.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## SECOND CAUSE OF ACTION
### Defendant Unlawfully Withheld All Responsive Records

61.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

62.     EPA violated FOIA by failing to promptly disclose records that are responsive to CFS's April 14 FOIA Request. 5 U.S.C. § 552(a)(4)(B).

63.     CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for EPA to withhold these records from CFS. *See id.* § 552(b)(1)-(9).

64.     To date, EPA has not provided any records requested by CFS in the April 14 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

65.     As such, EPA is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. EPA's unlawful withholding prejudices CFS's ability to timely obtain public records.

66.     CFS has exhausted the applicable administrative remedies with respect to the April 14 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

67.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

68.     CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

69.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

### THIRD CAUSE OF ACTION
### Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

70.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

71.     EPA violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the April 14 FOIA Request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

72.     CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id.*

73.     To date, EPA has failed to disclose any records to CFS, including nonexempt information that could be reasonably segregated and released in response to the April 14 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

74.     CFS has exhausted the applicable administrative remedies with respect to the April 14 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

75.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

76.     CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

77.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## FOURTH CAUSE OF ACTION
### Defendant Failed to Provide an Estimated Date of Completion as Required by FOIA

78.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

79.     EPA violated FOIA by failing to provide CFS with an estimated date of completion as required by 5 U.S.C. § 552(a)(7)(A)-(B).

80.     CFS has a statutory right to have EPA process its April 14 FOIA Request in a manner which complies with FOIA. EPA has violated Plaintiff's rights in this regard by its failure to provide—by any means—an estimated completion date for its response to the April 14 FOIA Request as required by FOIA. 5 U.S.C. § 552(a)(7)(A)-(B).

81.     EPA's failure to inform CFS of an estimated completion date for the April 14 FOIA Request has prejudiced CFS's ability to timely obtain public records.

82.     CFS has exhausted the applicable administrative remedies with respect to the April 14 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

83.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

84.     CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

85.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Order Defendant to provide a lawful initial determination on Plaintiff's FOIA request, including Plaintiff's fee waiver request as required by FOIA by a date certain.

2.      Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's April 14 FOIA Request with the cut-off date for searches being the date the searches are conducted, and to provide to Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3.      Declare that Defendant unlawfully failed to make and communicate an initial determination on Plaintiff's April 14 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

4.      Declare that Defendant unlawfully failed to undertake a search and disclosure of all records responsive to Plaintiff's April 14 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5.      Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

6.      Declare that Defendant unlawfully failed to provide Plaintiff with an estimated date of completion as to the search and production of Plaintiff's April 14 FOIA Request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

7.      Provide for expeditious proceedings in this action.

8.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

9.      Grant such other relief as the Court may deem appropriate.


Dated this 19th day of January, 2023.

Respectfully submitted,

CENTER FOR FOOD SAFETY,

*/s/ Meredith Stevenson*
Meredith Stevenson (CA00123)
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
(415) 826-2770
Email: mstevenson@centerforfoodsafety.org

*Counsel for Plaintiff*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                    15